IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE FLORES-MEDINA** | : | CIVIL ACTION |
| *Petitioner, pro se* | : | |
| | : | NO. 20-5712 |
| **v.** | : | |
| | : | |
| **KEVIN KAUFFMAN,** *et al.* | : | |
| *Respondents* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    OCTOBER 7, 2022

## MEMORANDUM OPINION

**INTRODUCTION**

Petitioner Jose Flores-Medina ("Petitioner"), proceeding *pro se*, filed a petition for a writ of *habeas corpus* (the "Petition") against Superintendent of SCI Huntingdon Kevin Kauffman, the District Attorney of the County of Lancaster, and the Attorney General of the State of Pennsylvania ("Respondents"), asserting six grounds for relief from a conviction of three charges. Respondents filed a response in opposition, [ECF 10]. After reviewing the Petition, the response and related documents, United States Magistrate Judge Richard A. Lloret (the "Magistrate Judge") issued a Report and Recommendation ("R&R"), [ECF 14], recommending that the Petition be denied in its entirety. Petitioner filed objections to the R&R. [ECF 18]. Upon conducting a *de novo* review of Petitioner's objections, for the reasons set forth herein, the R&R is approved and adopted.

**BACKGROUND**

On March 3, 2016, a jury in the Lancaster County Court of Common Pleas found Petitioner guilty of rape by forcible compulsion, corruption of a minor, and unlawful contact with a minor. The facts underlying this conviction and the procedural history of this case are as follows:

> When Petitioner was 38 years old, he was charged with sexually assaulted his girlfriend's niece (the "minor"), who was then 17 years old and staying the night

1

at her aunt's house. The next day, upon returning home, the minor reported the sexual assault to her mother and grandmother. The minor went to the hospital for a medical examination, and, as a result of the hospital visit, the police initiated an investigation.

During the police investigation, Petitioner consented to a videotaped interview, a home search, and a DNA swab. At a subsequent suppression hearing, Petitioner argued that the evidence obtained from these police actions should be suppressed because of his limited comprehension of the English language. The judge presiding over the suppression hearing denied the motion to suppress, finding that (1) there was "absolutely nothing" in the two-hour-and-45-minute videotape interview that suggested Petitioner had difficulty communicating in English, (2) during the police interview, Petitioner "responded appropriately to every question almost simultaneously" in English, and (3) Petitioner's testimony was "totally lacking in credibility." (Suppression Hearing Tr., at pp. 88–89).

As noted, on March 3, 2016, the jury found Petitioner guilty of rape by forcible compulsion, corruption of a minor, and unlawful contact with a minor. On June 6, 2016, the trial judge merged the conviction for corruption of a minor with the conviction for rape by forcible compulsion, and sentenced Petitioner to 8½ to 20 years for rape by forcible compulsion and to a concurrent term of 4 to 8 years for unlawful contact with a minor. Petitioner was also ordered to pay restitution in the amount of $1,449.55 for a rape exam and therapy. Following Petitioner's sentencing, Petitioner filed a post-sentence motion for relief, which the trial court denied, as untimely.

Petitioner filed a timely appeal, arguing that there was insufficient evidence to support the convictions for corruption of a minor and unlawful contact with a minor. The Superior Court of Pennsylvania found that the insufficiency argument merited no relief but determined that the conviction for corruption of a minor could not merge with the conviction for rape by forcible compulsion and remanded the matter for resentencing. On October 12, 2017, the trial judge resentenced Petitioner to a term of 8½ to 20 years for rape by forcible compulsion and a term of 4 to 8 years for unlawful contact with a minor, to run concurrently, and 5 years of probation for the corruption of a minor. The judge also imposed $3,782 in fines, costs, and restitution, with payment to be made to the crime victim's compensation fund.

Thereafter, on August 22, 2018, Petitioner filed a Post-Conviction Collateral Relief petition (the "PCRA petition"), raising nine claims. After the PCRA court dismissed the PCRA petition, Petitioner appealed and filed the requisite PCRA Rule 1925(b) statement of issues complained of on appeal (the "PCRA 1925(b) statement"). The trial court issued an opinion addressing each of the issues Petitioner raised in the PCRA 1925(b) statement. On appeal, the Superior Court dismissed several of Plaintiff's claims as waived and determined that the

remaining claims lacked merit. Petitioner filed a timely appeal to the Pennsylvania Supreme Court, which denied the appeal on October 6, 2020.

Petitioner, proceeding *pro se*, filed the underlying writ of *habeas corpus* Petition, in which he asserts that the verdict was against the weight of the evidence, that his conviction was based on insufficient evidence, that the sentence was unduly harsh, and that trial counsel provided ineffective assistance in multiple regards. Pursuant to this Court's November 23, 2020 Order, this Court referred the Petition to the Magistrate Judge for an R&R, which was subsequently submitted; the Magistrate Judge determined that three of Petitioner's claims were procedurally defaulted and that the remaining three claims lacked merit. Petitioner filed five objections to the R&R, pointing out an internal inconsistency in the R&R and disputing some of the Magistrate Judge's conclusions. For the reasons set forth below, Petitioner's objections to the R&R are overruled without an evidentiary hearing.

**DISCUSSION**

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, the court "may accept, reject, or modify, in whole or in part," the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 676 (1980); *Goney*, 749 F.2d at 7. As noted, Petitioner has asserted five objections with respect to his six *habeas* claims. Each objection is addressed below.

### I. *Weight of the Evidence*

In his Petition, Petitioner argues that the jury's guilty verdict on the charge of rape by forcible compulsion was against the weight of the evidence. Petitioner also makes a layered claim that trial counsel was ineffective for failing to preserve this issue for appeal. In the R&R, the Magistrate Judge determined that (1) a weight of the evidence claim is not cognizable during *habeas* review and (2) the layered ineffective assistance of counsel claim with respect to the weight of the evidence was procedurally defaulted because the Superior Court deemed it waived when Petitioner did not include the claim in his PCRA 1925(b) statement.

Petitioner objects to the Magistrate Judge's finding regarding the layered ineffective assistance of counsel claim and argues that (1) he did in fact include the claim in his PCRA 1925(b) statement and (2) the Magistrate Judge's conclusion is internally inconsistent with the Magistrate Judge's statement in footnote seven of the R&R, which reads as follows:

> The Commonwealth erroneously states that Petitioner did not include his layered substantive and ineffective assistance of counsel claims in his 1925(b) Statement. Petitioner did include his layered claims in his 1925(b) Statement, but he did not address ineffective assistance of counsel claims for the first three issues in his brief to the Superior Court in support of his PCRA appeal.

(R&R, ECF 14, at p. 7). This Court agrees with Petitioner that the R&R incorrectly indicates that Petitioner did not include the layered ineffective assistance of counsel claim in his PCRA 1925(b) statement. That is, in his PCRA 1925(b) statement, Petitioner wrote: "The verdict of guilty to the charge of rape is against the weight of the evidence and necessitates a new trial pursuant to Pa. R. Crim. P. 607 ***and trial counsel was ineffective for failing to preserve this issue***." (PCRA 1925(b) Statement, at p. 1) (emphasis added).

Notwithstanding, this Court agrees with the Magistrate Judge's conclusion that this claim is procedurally defaulted. As correctly outlined in the R&R, under the Antiterrorism and Effective

4

Death Penalty Act ("AEDPA"), a *habeas* petitioner must have "exhausted the remedies available in the courts of the State" to be eligible for federal relief. 28 U.S.C. § 2254(b)(1)(A). To exhaust the remedies available in the state courts, the petitioner must have "fairly presented" the merits of his claims throughout the appellate review process in the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For a claim to be "fairly presented," and thus exhausted, a petitioner must present the identical issue and the same factual and legal arguments in support to each level of the state courts. *Nara v. Frank*, 488 F.3d 188, 197–98 (3d Cir. 2007). Consistent with the requirement that a petitioner must properly present a claim, the petitioner must include *argument* in support of the claim in the Superior Court submitted brief; otherwise, the claim is deemed abandoned and waived. *See Colon v. Patrick*, 2005 WL 1459524, at *3 (E.D. Pa. June 17, 2005) (citing *Commonwealth v. Walker*, 836 A.2d 999, 1002 n.4 (Pa. Super. Ct. 2003); *Commonwealth v. A.W. Robl Transport*, 747 A.2d 400, 405 (Pa. Super. Ct. 2000); *Commonwealth v. Nelson*, 567 A.2d 673, 676 (Pa. Super. Ct. 1989)); *see also Commonwealth v. Jackson*, 431 A.2d 944, 945 n.1 (Pa. 1981) (citations omitted) (noting that failure to address a claim in the argument of a brief waives the claim). If the petitioner does not properly present the claim, it is procedurally defaulted and cannot be a basis for federal *habeas* relief unless the petitioner demonstrates cause for the default and actual prejudice due to a violation of constitutional or federal law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Greene v. Superintendent Smithfield SCI*, 882 F.3d 443, 449 (3d Cir. 2018). Here, Petitioner has not demonstrated cause for the default and/or actual prejudice due to a violation of constitutional or federal law.

Though Petitioner listed the ineffective assistance of counsel claim of *trial counsel* in his PCRA 1925(b) statement and in the Statement of the Questions Involved and Summary of the Argument sections of his Superior Court brief, Petitioner provided no argument in support of this

5

claim of *trial counsel* in his brief. Rather, a review of the argument section of the brief to the Superior Court reveals that Petitioner only argued that *appellate counsel* and *PCRA counsel* were ineffective for failing to address trial counsel's ineffectiveness. In addition, the argument surrounding the ineffective assistance of both appellate and PCRA counsel points to issues with sentencing, a juror lying about her criminal history, and a juror taking notes on a cell phone. Petitioner's brief did not address trial counsel's ineffectiveness premised on trial counsel's failure to preserve the weight of the evidence issue. Because Petitioner did not include, in his Superior Court brief, any of his trial counsel ineffectiveness arguments proffered in his *habeas* Petition, he has not "fairly presented" this claim at each level of review in the state courts. *O'Sullivan*, 526 U.S. at 845. As such, this claim is procedurally defaulted for purposes of federal *habeas* review. *See Colon*, 2005 WL 1459524, at *3 (citing *Walker*, 836 A.2d at 1002 n.4; *A.W. Robl Transport*, 747 A.2d at 405; *Nelson*, 567 A.2d at 676); *see also Jackson*, 431 A.2d at 945 n.1.

As for Petitioner's argument that the jury's verdict was against the weight of the evidence, such claims are not cognizable on *habeas* review. *See Lockhart v. Superintendent Houtzdale SCI*, 2015 WL 13895987, at *1 (3d Cir. 2015); *Phomma v. DelBalso*, 2017 WL 7734297, at *8 n.6 (E.D. Pa. Aug. 14, 2017), *approved and adopted*, 2018 WL 950103, at *1 (E.D. Pa. Feb. 16, 2018). Furthermore, even if a weight of the evidence claim was cognizable, without a viable ineffective assistance of counsel claim to revive it, Petitioner's failure to "fairly present" this claim to each level of the state courts' review leaves it defaulted. As such, Petitioner's objections involving the weight of the evidence and the layered ineffective assistance of counsel are overruled.

II. *Sufficiency of the Evidence*

In the Petition, Petitioner also asserts that the evidence of rape by forcible compulsion was insufficient, weak, and inconclusive, such that the crime was not proven beyond a reasonable

doubt. Petitioner also makes a similar layered claim that trial counsel was ineffective for failing to preserve this issue for appeal. In the R&R, the Magistrate Judge found that (1) the sufficiency of the evidence claim is procedurally defaulted because during the PCRA proceedings, the Superior Court used independent and adequate state law grounds to determine that Petitioner waived this claim by not raising it on direct appeal and (2) the layered ineffective assistance of counsel claim was procedurally defaulted because the Superior Court deemed it waived when Petitioner did not include it in his PCRA 1925(b) statement.

Like his previous objection, Petitioner argues that the Magistrate Judge erred in finding that he had not included the layered ineffective assistance of counsel claim in his PCRA 1925(b) statement, when he had in fact done so. As to the sufficiency claim itself, Petitioner's objection is that the reason he could not raise the sufficiency claim on direct appeal was because trial counsel had been ineffective and, if Petitioner was able to raise the sufficiency claim on appeal, then appellate counsel was also ineffective for failing to raise the issue.

This Court agrees with Petitioner that the R&R incorrectly indicates that Petitioner did not include the layered ineffective assistance of counsel claim in his PCRA 1925(b) statement. That is, a review of Petitioner's PCRA 1925(b) statement reveals: "The evidence was insufficient as a matter of law as well as weak and inconclusive [] such that the elements of rape by forcible compulsion cannot be established beyond a reasonable doubt and *trial counsel was ineffective for failing to preserve this issue*." (PCRA 1925(b) Statement, at p. 1) (emphasis added). Petitioner is also correct that the same internal inconsistency in the R&R between footnote seven and the discussion section exists as to this claim. Footnote seven indicates that "Petitioner did include his layered claim in his 1925(b) Statement, but he did not address ineffective assistance of counsel claims for the first three issues in his brief to the Superior Court in support of his PCRA appeal."

(R&R, ECF 14, at p. 7).  The Magistrate Judge later noted in the body of the R&R that Petitioner did not include the layered ineffectiveness claim in the PCRA 1925(b) statement, and this was the reason for the Superior Court's determination that the claim was waived.

Again, notwithstanding this inconsistency, the Magistrate Judge correctly concluded that this ineffective assistance of trial counsel claim is procedurally defaulted.  As noted, Petitioner's brief to the Superior Court failed to include any argument in support of his claim of trial counsel's allegedly ineffective assistance.  As such, this claim was not "fairly presented" to the Superior Court and is, therefore, procedurally defaulted.  *See Colon*, 2005 WL 1459524, at *3 (citing *Walker*, 836 A.2d at 1002 n.4; *A.W. Robl Transport*, 747 A.2d at 405; *Nelson*, 567 A.2d at 676); *see also Jackson*, 431 A.2d at 945 n.1.  Since Petitioner waived the argument that trial counsel was ineffective in this regard, and the survival of his sufficiency claims depends on his argument that Petitioner could not raise the sufficiency claim on direct appeal by reason of trial counsel's ineffectiveness, the sufficiency claim is also procedurally defaulted.  Petitioner's objections with respect to these claims are overruled.

   III. *Excessive and Unreasonable Sentence*

In his Petition, Petitioner also asserts that the trial court judge abused his discretion by imposing a manifestly excessive and unreasonable sentence, resulting in cruel and unusual punishment and a violation of his due process rights.  Petitioner also makes a layered claim that trial counsel was ineffective for failing to preserve this issue for appeal.  In the R&R, the Magistrate Judge determined that the excessive and unreasonable sentence claim *and* the layered ineffective assistance of counsel claim were deemed waived by the Superior Court based on independent and adequate state procedural grounds and, thus, were procedurally defaulted for federal *habeas* review.

Petitioner's objection related to this claim, like his previous objections, is that Petitioner did in fact include the layered ineffective assistance of counsel claim in his PCRA 1925(b) statement. As to the excessive and unreasonable sentence claim, Petitioner's objection is that the reason he could not raise this sentencing claim on direct appeal was because of trial counsel's ineffectiveness, and had Petitioner been able to raise this sentencing claim on appeal, then appellate counsel was ineffective for failing to raise it.

Contrary to his objection, however, the Magistrate Judge did not find that Petitioner had failed to raise this ineffective assistance of counsel claim in his PCRA 1925(b) statement. In fact, the Magistrate Judge noted that Petitioner *had* included this ineffective assistance claim in his PCRA 1925(b) statement. Regardless, as with Petitioner's other ineffective assistance of *trial counsel* claims discussed above, Petitioner failed to include any argument in his Superior Court brief addressing this claim. Specifically, in the argument section of Petitioner's brief to the Superior Court, when discussing the ineffectiveness of counsel in relation to the sentencing issues, Petitioner references *appellate* and *PCRA counsel*—not *trial counsel*. As such, the Magistrate Judge did not err in finding that this claim was waived under independent and adequate state procedural grounds and, thus, is procedurally defaulted. *See Colon*, 2005 WL 1459524, at *3 (citing *Walker*, 836 A.2d at 1002 n.4; *A.W. Robl Transport*, 747 A.2d at 405; *Nelson*, 567 A.2d at 676); *see also Jackson*, 431 A.2d at 945 n.1. Because the survival of the sentencing claim, which was not raised on direct appeal, depends on the layered ineffectiveness claim, the sentencing claim is also procedurally defaulted. Petitioner's objection as to this claim is overruled.

*IV. Ineffectiveness Based on Failure to Act on Juror's Cell Phone Notes*

In his Petition, Petitioner asserts that trial counsel was also ineffective for failing to request a mistrial when one of the jurors was taking notes on a cell phone, and the notes may have

9

improperly influenced the jury.  In the R&R, the Magistrate Judge determined that the Superior Court reasonably resolved this claim because (1) the trial record "clearly indicates that the trial judge, the bailiff, and attorneys involved in the case did not see the juror in question taking notes," and (2) "no Supreme Court precedent forecloses the Superior Court's finding that any alleged juror misconduct would have not prejudiced Petitioner because the juror's [cell] phone was taken before deliberations."  (R&R, ECF 14, at p. 19).

AEDPA amended the standards for reviewing state court judgments raised in federal *habeas corpus* petitions filed under 28 U.S.C. § 2254.  *Werts v. Vaughn*, 228 F.3d 178, 195 (3d Cir. 2000).  "AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts."  *Id.* at 196.  Thus, in accordance with § 2254(d), a *habeas corpus* petition may only be granted if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

To establish that the state court decision was "contrary to" federal law, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent *requires* the contrary outcome."  *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) (emphasis in original).  Similarly, a federal court may only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent."  *Id.* at 890.  "[T]he requirements of § 2254(d) are difficult to meet."

*Johnson v. Williams*, 568 U.S. 289, 292 (2013). This section "sharply limits the circumstances in which a federal court may issue a writ of habeas corpus to a state prisoner." *Id.* at 298.

When addressing the merits of ineffective assistance of counsel claims on *habeas* review, the "clearly established federal law" applicable to such claims is the familiar two-pronged inquiry articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To sustain a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient, and that this deficient performance prejudiced the defense. *Id.* at 687. The Court has defined prejudice as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*; *see also Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) ("[A] petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different."). The court must defer to counsel's tactical decisions, avoiding "the distorting effects of hindsight," and must give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Gov't of the V.I. v. Weatherwax*, 77 F.3d 1425, 1431 (3d Cir. 1996).

In addressing Petitioner's specific claim of ineffective assistance of counsel, the Superior Court applied the governing test for ineffective assistance of counsel claims announced by the Pennsylvania Supreme Court in *Commonwealth v. Charles Pierce*, 527 A.2d 973 (Pa. 1987). *See Commonwealth v. Flores-Medina*, 2019 WL 7291065, at *4–5 (citing *Commonwealth v. Medina*, 209 A.3d 992, 1000 (Pa. Super. Ct. 2011) (applying *Pierce* ineffective assistance of counsel test)). The United States Court of Appeals for the Third Circuit has determined that the *Pierce* test conforms to established federal law and is "not contrary to the *Strickland* test." *Rompilla v. Horn*, 355 F.3d 233, 250 (3d Cir. 2004); *Henderson v. DiGuglielmo*, 138 F. App'x 463, 469 (3d Cir.

2005) (recognizing the *Pierce* test as materially identical to the *Strickland* test). Therefore, the Superior Court's applied test is not "contrary to" the test established in *Strickland*.

Here, the dispositive inquiry is whether the Superior Court's decision reflects an unreasonable application of the *Pierce/Strickland* test. To sustain his burden, Petitioner must show that the state court's decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified." *Werts*, 228 F.3d at 197.

In addressing Petitioner's claim that trial counsel was ineffective for failing to request a mistrial based on a juror's alleged use of a cell phone to take notes during trial, the Superior Court found that Petitioner had failed to establish the prejudice prong of the test for ineffective assistance of counsel. *Flores-Medina*, 2019 WL 7291065, at *5. Therein, the Superior Court set forth the following law applicable to the underlying issue of extraneous influence over a juror:

> An extraneous influence may compromise the impartiality and integrity of the jury, raising the specter of prejudice. *See Carter by Carter v. U.S. Steel Corp.*, 604 A.2d 1010, 1015–16 (Pa. 1992). The relevant inquiry is whether the extraneous influence caused "a reasonable likelihood of prejudice." *Id.* at 1016; *see also Commonwealth v. Bradley*, 459 A.2d 733, 739 (Pa. 1983) (requiring showing that contact between member of the jury and court officer resulted in "a reasonable likelihood of prejudice" to defendant.) . . . . The burden is on the party claiming prejudice. *Id.*

*Flores-Medina*, 2019 WL 7291065, at *5 (quoting *Commonwealth v. Sneed*, 45 A.3d 1096, 1115 (Pa. 2012)). The Superior Court further wrote:

> In the current action, Appellant presents no evidence that the juror in question actually took notes on his cellular telephone; no one, including Appellant's own trial counsel, saw that juror or any of the other jurors taking notes on a cellular phone. PCRA Court Opinion, filed May 9, 2019, at 24 (citing N.T., 3/10/2016, at 10, 12). Assuming this juror had been taking notes on his cell phone, Appellant has made no proffer that anyone else accessed said notes or somehow used them to assist the juror in making his decision; ergo, Appellant has failed to establish that any extraneous influence even existed. The juror also did not bring his phone into the jury

12

> room, so any notes thereon could not have influenced jury deliberations. *Id.* at 23 (citing N.T., 3/10/2016, at 2-3). Appellant hence has failed to meet his burden that a reasonable likelihood of prejudice resulted from an extraneous influence. *Sneed*, 45 A.3d at 1115. As he is unable to establish prejudice, he cannot satisfy one prong of the test for ineffective assistance of counsel, and this entire claim that trial counsel was ineffective, his fifth issue overall, thereby fails. *See Medina*, 209 A.3d at 1000.

*Flores-Medina*, 2019 WL 7291065, at *5.

In his objections, Petitioner argues that the Superior Court's conclusion that his trial counsel was not ineffective was erroneous because the Superior Court mistakenly found that no one had observed the juror take notes on his cell phone. Petitioner contends that the record shows that the court's bailiff observed the juror accessing his cell phone notes, and when the trial court brought the issue to trial counsel's attention, trial counsel failed to investigate the issue, as suggested by the trial court. Notably, the state court transcript reveals that after the jury found Petitioner guilty, but before sentencing, the trial judge held an in-chambers meeting with the bailiff (who had alerted the trial judge to the cell phone issue), the assistant district attorney, and trial counsel. The bailiff explained that during the trial, when the jurors were in possession of their cell phones, but the cell phones were turned off, no one saw the juror taking notes on his cell phone. However, when the bailiff was collecting the cell phones prior to deliberations, the juror in question asked the bailiff to hold his cell phone so that the juror could transfer his notes from his cell phone. No one in attendance at the in-chambers meeting knew when the juror had taken these notes or their contents, but the bailiff made clear that he had collected every juror's cell phone prior to deliberations and that the note-taking juror was not permitted to transfer any notes.

The Supreme Court of Pennsylvania has set forth that for a criminal defendant to establish prejudice based upon note-taking, a juror must take the notes into deliberations and then use them in a prejudicial manner. *Commonwealth v. James Pierce*, 309 A.2d 371, 372 (Pa. 1973) (citations

13

omitted). Here, the Superior Court observed that: (1) Petitioner proffered no evidence showing that the juror's cell phone notes were shared with any of the other jurors and (2) the juror at issue was not permitted to take his cell phone into the jury deliberations room. Considering these undisputed facts, the Superior Court reasonably concluded that there could not have been any extraneous influence over the other jurors by the juror's cell phone notes and, thus, no prejudice suffered as a result of trial counsel's failure to seek a mistrial. As such, this Court opines that the Magistrate Judge did not err in the conclusion that the state court correctly applied *Pierce/Strickland* to the facts of Petitioner's case in an objectively reasonable manner. Thus, Petitioner has failed to meet the strict standard necessary for *habeas* relief on this claim.

V. *Ineffectiveness Based on Failure to Appeal Outcome of Suppression Hearing*

In his Petition, Petitioner also asserts that his appellate counsel on direct appeal was ineffective for failing to raise properly preserved claims related to his suppression hearing—specifically, Petitioner's ability to consent in the English language to the police interview, home search, and DNA swab. As to this claim, the Magistrate Judge concluded that (1) the Superior Court reasonably resolved this claim with its independent examination of the record and videoed interview, and (2) Petitioner failed to overcome the Superior Court's factual findings with clear and convincing evidence. Specifically, Petitioner's objection is that appellate counsel had no legitimate reason for failing to raise the suppression hearing issues on direct appeal. This Court finds that this objection is a mere repeat and rehash of arguments made in the Petition and original filings before the Magistrate Judge. As such, Petitioner's objections are nothing more than an attempt to relitigate arguments raised in his original filings. Notwithstanding the rehash of previously rejected arguments, this Court addresses them briefly here.

As with Petitioner's other ineffective assistance of counsel claims, the Superior Court applied the proper law, *Pierce*—the Pennsylvania equivalent of *Strickland*—and, in so doing, the Superior Court's decision was not "contrary to" the test established in *Strickland*. As in the above analysis, the dispositive inquiry is whether the Superior Court's decision reflects an unreasonable application of the *Strickland* test. To carry his burden, Petitioner must demonstrate that the state court's decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified." *Werts*, 228 F.3d at 197.

In addressing the claim that appellate counsel was ineffective for failing to preserve suppression issues related to Petitioner's purported inability to understand English, the analysis previously made is appropriate. That is, the Superior Court found that Petitioner's underlying assertion that he did not understand English was without merit and, therefore, his counsel's performance was not deficient for failing to preserve the issue. *Flores-Medina*, 2019 WL 7291065, at *7. In its conclusion, the Superior Court cited evidence showing Petitioner's command of the English language. *Id.* at *6–7. This evidence included the trial court's review of the police interview, after which the trial judge determined that (1) there was "absolutely nothing" in the two-hour-and-45-minute videotaped interview that suggested Petitioner had difficulty communicating in English, (2) during the police interview, Petitioner "responded appropriately to every question almost simultaneously" in English, and (3) Petitioner's testimony was "totally lacking in credibility." (Suppression Hearing Tr., at pp. 88–89). Considering this cited evidence, this Court agrees with the Magistrate Judge that the state court correctly applied *Pierce/Strickland* to the facts of Petitioner's case in an objectively reasonable manner and reached a reasonably justifiable outcome. Thus, Petitioner has not met the strict standard necessary for *habeas* relief on this claim.

**ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R and in the analysis, this Court concludes that no probable cause exists to issue such a certificate of appealability in this matter because Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, this Court finds that there is no basis for the issuance of a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, the Report and Recommendation is approved with the corrections noted and adopted. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.